CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
February 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| David Carlyle Meeks, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00226 |
| | ) | |
| SWVRJ-Haysi Facility *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Carlyle Meeks, an incarcerated individual proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Meeks complains that the two individual Defendants, Officer Turner and Sergeant Johnson, sexually harassed him and then retaliated against him after he complained about the harassment. (Dkt. 1.) Turner and Johnson filed a joint motion to dismiss all claims asserted except for the retaliation claim against Johnson. (Dkts. 14, 15.) Because Meeks' allegations in the complaint, even when all accepted as true, do not support a viable § 1983 claim other than the retaliation claim against Johnson, the court will grant the motion to dismiss.

    **I.    Background**

Meeks' complaint relates to an incident in which he was told he could not take a shower, so he undressed and began to clean himself using the sink. (Dkt. 1 at 4.) Meeks alleges Turner and Johnson watched him and made "rude and derogatory and sexual remarks" to hims. (*Id.*) Meeks does not allege any physical contact. Meeks complained and said he

1

would file a complaint, write the local newspaper, and report the behavior to the officers' supervisors. (*Id.*) Meeks contends he was subsequently retaliated against when a false disciplinary charge was filed against him the next day.[1] (*Id.* at 5.) This alleged false charge was "signed off on by Sgt. Johnson." (*Id.*) Meeks does not allege that Turner was involved in the false charge.

## II.   Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true; however, it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are

---

[1] Meeks submitted a document in his opposition to the motion to dismiss that shows that the charge was dismissed. (Dkt. 23-1 at 3.)

2

not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III. Analysis

Meeks responded to the motion to dismiss filed by Defendants, but his opposition relates primarily to establishing the veracity of his factual allegations. (Dkt. 23.) At this stage, the court must and does accept all of his factual allegations as true. *See Iqbal*, 556 U.S. at 678. Even when the court does so, the facts alleged by Meeks do not indicate any plausible claim of entitlement to relief under § 1983.

First, Meeks named the facility at which these events occurred, Southwest Virginia Regional Jail-Haysi Facility, as a Defendant in this action. (Dkt. 1 at 1.) To state a cause of action under § 1983, a plaintiff must allege facts indicating that he or she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A jail is not a "person" subject to suit under § 1983. *Perdue v. Penalosa*, 38 F.3d 1213, 1213 (4th Cir. 1994) (unpublished table opinion); *Blaydon v. Sw. Virginia Reg'l Jail-Duffield*, No. 7:23-cv-00340, 2024 WL 69828, at *1 (W.D. Va. Jan. 5, 2024). Accordingly, Southwest Virginia Regional Jail-Haysi Facility is not viable defendant in this action, and the court **DISMISSES** it pursuant to its screening authority in 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal).

Turning now to the claims asserted against individual Defendants Turner and Johnson, Meeks alleges that he was verbally sexually harassed by Turner and Johnson, and that, as a result of that harassment, he filed a complaint pursuant to the Prison Rape Elimination Act ("PREA"). (Dkt. 1 at 2–4.) The court does not condone the behavior alleged, but these allegations simply do not indicate a plausible claim of entitlement to relief. "Section 1983 . . . is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). Accordingly, in any action under § 1983, the Court must begin its analysis by identifying the precise constitutional or statutory violation that the defendant allegedly committed. *See id.* ("The first step in any such claim is to pinpoint the specific right that has been infringed."). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002).

"Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act." *Chapman v. Willis*, No. 7:12-cv-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013). Rather, "[t]he PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue . . . . The statute does not grant prisoners any specific rights." *Id.* (quoting *Chinnici v. Edwards*, No. 1:07-cv-00229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008)). Because the PREA does not create a private right of action or

otherwise grant inmates any specific, substantive rights, the Complaint fails to state against Turner and Johnson a claim under § 1983 for an alleged violation of that Act.

The conduct alleged does not support an independent § 1983 action either under the theory that the abuse and taunting violated the Eighth Amendment. The Eighth Amendment protects post-conviction inmates from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 346–47 (1981). To prevail on such a claim, a plaintiff must establish facts showing that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes*, 452 U.S. at 347) (cleaned up).

The Eighth Amendment claim asserted here fails because isolated verbal harassment without physical contact does not violate the Eighth Amendment. *Cooper v. Johnsin*, No. 7:23-cv-00708, 2024 WL 2869045, at *1–2 (W.D. Va. June 6, 2024) (holding that allegations of isolated verbal sexual harassment without physical contact are insufficient to state a claim under § 1983 for a violation of the Eighth Amendment). Meeks' allegations that he was verbally and sexually harassed by Turner and Johnson on one occasion fails to state a claim under § 1983 for a violation of the Eighth Amendment because he does not allege that either defendant made physical contact with the plaintiff in conjunction with the verbal harassment. *Owen v. Schmidit*, No. 7:22-cv-00675, 2024 WL 4173805, at *2–3 (W.D. Va. Sept. 12, 2024) (noting that "[w]hile prisoners have a right to be free from sexual abuse, the Fourth Circuit has been reluctant to recognize an Eighth Amendment violation where prison officials'

5

conduct amounts to 'mere verbal sexual harassment.'" (quoting *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016))); *see also Jackson*, 666 F. App'x at 244–45 (ordering dismissal of inmate's Eighth Amendment claim arising from a prison employee's sexually explicit letter, comments, and acts without physical contact).

Next, Turner challenges the retaliation claim asserted against him because Meeks asserted no facts indicating any of his actions or inactions connected with this claim. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17-cv-00763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Here, Meeks did not allege any facts indicating that Turner was in any way responsible for the allegedly false disciplinary charge he received.[2] Rather, he alleges only that "[t]he charge was signed off on by Sgt. Johnson." (Dkt. 1 at 5.) Because Meeks fails to allege facts showing that Turner was personally involved in the allegedly false and retaliatory disciplinary charge, he fails to state against Turner a claim of retaliation in violation of his First Amendment rights.

---

[2] Meeks also did not reference any involvement of Turner in his opposition to the motion to dismiss.

6

Defendants correctly note that Meeks has expanded his claims in his opposition and attempted to assert new claims. Meeks did not seek to amend his complaint, and a party is not permitted to expand claims through briefing.[3] But, even if leave had been sought and granted, the additional claims are not viable as currently presented.

Denial of one shower, as referenced in Meeks' response to the motion to dismiss, (Dkt. 23 at 10), does not violate the Eighth Amendment. The "Eighth Amendment is not violated when there is a temporary denial of hygiene items and toiletries." *Hammonds v. Wolfe*, No. 3:18-01377, 2020 WL 1243609, at *4 (S.D.W. Va. Mar. 13, 2020); *see also Howard v. Williams*, Nos. 90-0125 and 90-0147, 1991 WL 199872, *2 (E.D. Va. June 4, 1991), *aff'd*, 952 F.2d 395 (4th Cir. 1992) (dismissing claim alleging a nine-day period without a shower because "the Eighth Amendment is not implicated in this case where there was a need for additional security measures and the period of inconvenience was short"); *Shakka v. Smith*, 71 F.3d 162, 168 (4th Cir. 1995) (rejecting Eighth Amendment claim of inmate denied a shower for three days after excrement was thrown on him when he was given another method to clean himself). Meeks was able to wash in the sink, (Dkt. 1 at 4), and he alleged no resulting injury from the lack of one shower. Accordingly, no plausible claim of entitlement to relief would be established under the Eighth Amendment.

Meeks next expands his allegations by claiming that Turner said he was a "snitch" in front of other inmates—a new allegation—and that Meeks "needed [his] ass beat." (Dkt. 23

---

[3] It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)); *see also Bell v. True Mfg. Co.*, No. 2:20-cv-00263, 2020 WL 10095356, at *4 (E.D. Va. Sept. 16, 2020) ("Plaintiff may not use her opposition brief as a vehicle for alleging facts not present in her Complaint.").

at 11.)  Meeks does not allege any resulting physical injury, but rather claims emotional injury due to his fear of being attacked by other inmates.  (*Id.*)  While the court has not concluded that Meeks' allegations to date would support an actionable claim under Fourth Circuit law, it also cannot conclude that he could not possibly allege facts that might support a failure to protect claim in the future.  Accordingly, if Meeks wishes to pursue a failure to protect claim against Turner, he may either (1) file a new action asserting this claim, in which case he should remain mindful of the two-year statute of limitations for asserting such a claim and of the requirement for administrative exhaustion, or (2) file a motion seeking leave to amend in this action along with a copy of his proposed amended complaint.  Defendants would then have an opportunity to respond if either of those options was pursued.

Finally, Meeks filed a motion for discovery, (Dkt. 27), which the court took under advisement pending its decision on the motion to dismiss.  (Dkt. 28.)  Under the ruling in this order, the claims arising from the primary incident of harassment will be dismissed; the discovery sought in the motion for discovery, (Dkt. 27), seemingly relates to the primary incident.  Therefore, the motion is **DENIED** without prejudice.  If Meeks seeks evidence related to the claim that remains (that Johnson retaliated against him for his exercise of First Amendment rights), he may proceed with that discovery directed to Johnson pursuant to the procedures described in Rules 26 through 37 of the Federal Rules of Civil Procedure.  These Rules provide the means by which parties may obtain relevant information and evidence in litigation. Rules 33 and 34 provide the framework for a party to ask questions to another party or request documents or items.  The court typically is not involved in the discovery process unless a dispute arises about the discovery.

8

### IV. Conclusion and Order

For the above-stated reasons, the court **GRANTS** Defendants' motion to dismiss, (Dkt. 14), and **DISMISSES** the claims asserted against Turner and Johnson in the complaint except for the retaliation claim asserted against Johnson. This action shall proceed as to the remaining claim of retaliation asserted against Johnson.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Meeks.

**IT IS SO ORDERED**.

**ENTERED** this 20th day of February, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE